Dear Director Warren,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does 73 O.S. 2001, § 83.14, empower an Oklahoma City city inspector to enforce the Capitol-Medical Center Improvement and Zoning Commission's rules by issuing citations written on a form provided by the city, with no notice or hearing being required before the Commission?
¶ 1 The Capitol-Medical Center Improvement and Zoning Commission ("Commission") has "exclusive authority over the zoning and regulation of the utilization of all property" contained within the Capitol-Medical Center Improvement and Zoning District ("District"), whose boundaries are specified by statute. 73 O.S. 2001, §§ 83.2[73-83.2], 83. Although the District lies within the municipal limits of Oklahoma City ("City"), neither the City nor any other "planning or zoning commission of any subdivision of the state . . . [has] any authority or jurisdiction" within the District. Id. § 83.2.
¶ 2 Although from its creation in 1953 the Commission has had the power to promulgate rules, 73 O.S. 2001, § 83.4[73-83.4], it has no authority to assess fines or other penalties against persons who violate those rules. Until 1998, the Commission's sole method of enforcing its zoning rules was to institute legal actions, such as injunctions, against violators to compel their compliance. 73O.S. 2001, §§ 83.11[73-83.11], 83.14(B), (C); A.G. Opins. 79-37 at 62, 81-93 at 173.
¶ 3 The Oklahoma statutes provide the Commission with two different schemes for enforcement. One scheme, contained in 73O.S. 2001, §§ 83.13[73-83.13], 83.14(B), (C), applies to violations of the statutory zoning provisions; the other, added in 1998[1]
and contained in Section 83.14(A), applies to violations of the Commission's promulgated rules. The scheme which applies to statutory violations affords alleged violators the due process rights required under the Administrative Procedures Act, as follows:
 A. Whenever the Commission determines there are reasonable grounds to believe there has been a violation of any of the provisions of Sections 82.1 through 83.12 of this title . . . said Commission shall give written notice to the alleged violator specifying the cause of the complaint. Such notice shall require that the matters of which complained be corrected within a specified time or that the alleged violator appear before the Commission at a time and place specified in the notice to answer the charges. The notice shall be delivered to the alleged violator in accordance with the provisions of subsection C of this section not less than ten (10) days before the time set for the hearing.
 B. The Commission shall afford the alleged violator an opportunity for a fair hearing in conformity with the Administrative Procedures Act, Sections 301 through 326 of Title 75 of the Oklahoma Statutes. On the basis of the evidence produced at the hearing, the Commission shall make findings of fact and conclusions of law and enter an order thereon. The Commission shall give written notice of such order to the alleged violator. The order of the Commission shall become final and binding on all parties unless appealed to the district court as provided for in Section 83.9 of this title within thirty (30) days after notice has been sent to the parties.
 C. Any notice, order, or other instrument issued by the Commission pursuant to this section may be served either personally or by mailing a copy by certified mail, return receipt requested, to the alleged violator at his last-known address. . . .
73 O.S. 2001, § 83.13[73-83.13].
¶ 4 The scheme which applies to violations of the Commission's rules, as opposed to its statutes, affords violators none of the rights specified in Section 83.13; nor does the Commission participate in prosecuting violations. Instead, alleged violations are reported to the municipal court of Oklahoma City, which has jurisdiction over the matter, and appeals are treated in the same manner as for violations of City ordinances.
 A. Complaints for violation of any regulations promulgated by the Capitol-Medical Center Improvement and Zoning Commission shall be filed with the municipal court of the City of Oklahoma City, which shall exercise jurisdiction over the complaint. Any person found guilty by the court of violating any of the regulations shall be punished by a fine in a sum not to exceed Seventy-five Dollars ($75.00) inclusive of costs. Each violation shall constitute a separate and distinct offense. Appeals may be taken in the same manner as appeals from the court in cases involving violations of city ordinances. In such cases the City of Oklahoma City shall receive One Dollar ($1.00) as costs and one-half (½) of the fine. The remaining one-half (½) of the fine shall be paid to the State Treasurer and shall be placed in a fund which shall be used by the Department of Central Services for the ongoing operation of the Commission.
73 O.S. 2001, § 83.14[73-83.14].
¶ 5 Part of your question is answered by the foregoing provisions of Sections 83.13 and 83.14; in cases of violations of the Commission's statutes, alleged violators must be given both notice and an opportunity for a hearing before the Commission. In cases of violations of the Commission's rules, however, neither notice nor hearing before the Commission is required.
¶ 6 The answer to the rest of your question is not expressly addressed in the Commission's statutes. Section 83.14, which governs violations of rules, does not designate who files the complaints with the municipal court, or by what procedure notice of an alleged violation is given. In the absence of statutory direction, you ask whether inspectors for the City may file complaints on behalf of the Commission by issuing citations to alleged violators of the Commission's rules. We conclude that the Commission's statutes would allow this method of enforcement if the City and the Commission entered into an agreement for inspection and enforcement of rule violations.
¶ 7 The Commission is expressly given authority, and indeed is directed, to enter into agreements with the City for specified purposes, as follows:
 (b) The Commission is hereby authorized and directed to enter into agreements with the City of Oklahoma City providing for mutual cooperation and joint regulation within the District with respect to (1) planning and zoning, (2) permission to build or to use land, (3) enforcement of building, health and safety codes and inspection to insure compliance therewith, and (4) other matters within the jurisdiction of the Commission; provided, however, that such agreements may not cede the Commission's final authority and responsibility over the matters entrusted to it by law.
73 O.S. 2001, § 83.3[73-83.3] (emphasis added). Thus, the Commission may contract with the City to inspect areas within the District and enforce the Commission's rules in any manner the parties agree upon, including issuing citations to alleged violators, as long as such inspection and enforcement is authorized under the Commission's statutes.[2] In contracting with the City to enforce its rules, the Commission does not cede its "final authority and responsibility over the matters entrusted to it by law";[3] rather, because the Commission's statutes expressly define, in Section 83.14(A), the procedure for dealing with alleged rule violations, the City merely acts as the Commission's agent to fulfill its responsibilities.
¶ 8 For example, Section 83.5 of the Commission's statutes gives the Commission broad powers over parking within the various areas under its jurisdiction. "In each district created by the zoning regulations, there shall be specified . . . parking requirements for vehicles. . . . The parking requirements for vehicles shall bear reasonable relationship to the uses permitted in the subdistrict, and the physical size and arrangement of streets." Id. In response to this general authorization, the Commission promulgated rules which include the following prohibition: "No parking shall be permitted within the yards of dwellings except on driveways." OAC 120:10-7-7(a).
¶ 9 The Commission's authority in 73 O.S. 2001, § 83.3[73-83.3](b) to enter into agreements with the City for enforcement of the Commission's rules, as well as the Commission's jurisdiction over parking within its District (id. § 83.5), gives the Commission authority to contract with the City to enforce the prohibition against parking vehicles in the yards of residences. Any method of accomplishing enforcement which complies with the express requirements of Section 83.14 is allowed. Contracting with the City to have City inspectors issue citations on City-created forms to alleged violators, with copies being filed with the municipal court given jurisdiction over such complaints by statute, is one method of enforcement which comports with the Commission's statutes.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to 73 O.S. 2001, §§ 83.3(b) and 83.14(A), the Capitol-Medical Center Improvement and Zoning Commission may enter into an agreement with the City of Oklahoma City which allows City inspectors to enforce the Commission's rules by issuing citations written on a form provided by the City. No notice or hearing is required before the Commission either before or after citations are issued, as the municipal court is given jurisdiction over such complaints.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General
[1] See 1998 Okla. Sess. Laws ch. 151, § 1.
[2] Any agreement between the Commission and the City must also comply with the Interlocal Cooperation Act, 74 O.S. 2001, § 1008[74-1008](A), which states that all "public agencies" are authorized to "contract with any one or more other public agencies to perform any governmental service, activity, or undertaking which any of the public agencies entering into the contract is authorized by law to perform, provided that such contract shall be authorized by the governing body of each party to the contract. Such contract shall set forth fully the purposes, powers, rights, objectives and responsibilities of the contracting parties."
[3] 73 O.S. 2001, § 83.3[73-83.3](b).